

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-1-2002

# USA v. Garcia

Precedential or Non-Precedential:

Docket 1-1930

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Garcia" (2002). *2002 Decisions.* Paper 86.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/86

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-1930
_____

UNITED STATES OF AMERICA

v.

JOSE J. GARCIA,

Appellant

_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 00-cr-00306
District Judge: Honorable Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a) January 18, 2002

Before: SCIRICA and ROSENN, Circuit Judges, and KANE*, District Judge.

(Filed February 1, 2002 )

Richard J. Zack
Suite 1250
Office of United States Attorney
615 Chestnut Street
Philadelphia, PA 19106
    Counsel for Appellee

David L. McColgin


*Honorable Yvette Kane, United States District Judge for the Middle District of
  Pennsylvania, sitting by designation.

Defender Association of Philadelphia
Federal Court Division
Curtis Center, Independence Square West
Suite 540 West
Philadelphia, PA 19106
    Counsel for Appellant

_____

MEMORANDUM OPINION

_____

ROSENN, Circuit Judge.

A federal grand jury sitting in the United States District Court for the Eastern District of Pennsylvania indicted Jose J. Garcia on one count. The indictment charged him with maliciously destroying or attempting to destroy a building by fire or destructive device, in violation of 18 U.S. C. 844(i). On November 13, 2000, Garcia pled guilty pursuant to a plea agreement.

The Pre-Sentence Report (PSR) recommended a two-point enhancement to Garcia's base offense level pursuant to United States Sentencing Guidelines 3C1.1 because he obstructed justice. Garcia objected to the enhancement at sentencing. The District Court, however, overruled his objection and sentenced Garcia to 30 months imprisonment, three years supervised release, a $1500 fine, and a $50 special assessment. Garcia timely appealed. We affirm.

Rifat Ismail was co-owner of the Roslyn Food Market in Roslyn, Pennsylvania. Beset by severe financial difficulties, Ismail decided to burn down his store to collect the insurance proceeds. Ismail hired Garcia to do the torching and paid him $2000. Garcia hired three people from his neighborhood to help him, splitting the $2000 between them. On October 31, 1994, these three threw Molotov cocktails through the windows of the market. The attempt to burn down the market, however, was highly unsuccessful. The Molotov cocktails only started small fires, and the fire department arrived and quickly put them out. The market suffered very little damage and the owners filed no insurance claims.

The local police and agents with the Bureau of Alcohol, Tobacco and Firearms interviewed Ismail. He admitted he had arranged for the arson and identified Garcia as the person he hired to set the fire. At the behest of the agents, Ismail met with Garcia on November 1, 1995, wearing a hidden microphone. The agents recorded the conversation between the two.

During the conversation, Ismail informed Garcia that he had received a grand jury subpoena and asked Garcia several times what he should do. Garcia made comments that the District Court construed as exhortations to Ismail to lie to the grand jury about his

knowledge of the arson.  On the basis of these exhortations, the District Court adopted the recommendation contained in the PSR and enhanced Garcia's base offense level two levels pursuant to the Sentencing Guidelines.

On appeal, Garcia contends that the District Court committed clear error when it increased the offense level by two, predicated on the defendant's alleged attempt to suborn perjury by urging co-conspirator Ismail falsely to inform the grand jury that Ismail knew nothing about the arson fire that the two of them had conspired to set.

The factual dispute pertinent to the enhancement of Garcia's sentence is extremely narrow but critical.  Because the District Court's decision to enhance is essentially factual, this Court's standard of review is for clear error.  United States. v. Maurello, 76 F.3d 1304, 1308 (3d Cir. 1996).

Garcia contends that his sentence should not have been enhanced for obstruction of justice because, "when all of his statements are read in context, it is clear that he was simply urging Ismail not to say anything to the grand jury."  Garcia admits that at one time in his recorded conversation with Ismail, he told Ismail to say that he did not "know what they [are] talking about."  However, he argues that this statement should be considered in the context of Garcia's advice, repeated eight times, that Ismail assert his Fifth Amendment right to remain silent and "say nothing."  The District Court rejected this interpretation of the conversation.

We have reviewed the transcript of the recorded conversation and a fair reading of the transcript supports the District Court's interpretation and the PSR recommendation.  Although Garcia does suggest several times to Ismail not to say anything, there are other points in the conversation where Garcia appears to be telling Ismail to lie to the grand jury.  At one point, Garcia tells Ismail that all he has to say is "you don't know what they talking about."  Later in the conversational exchange, Garcia urges Ismail to say "what are you talking about?"  These statements give credence to the District Court's interpretation of the conversation.  Moreover, as the United States Supreme Court observed in Anderson v. City of Bessemer City, "[w]here there are two permissible views

of the evidence, the fact finder's choice between them cannot be clearly erroneous."  470
U.S. 564, 574 (1985).

A District Court's finding of fact is "clearly erroneous" only when an appellate
court considering the matter firmly convinced that a mistake had been committed.  United
States v. Bogusz, 43 F.3d 82, 85 (3d Cir. 1994).  We are convinced that the District Court
made no mistake and that its factual findings are not clearly erroneous.

The judgment and sentence of the District Court is affirmed.

TO THE CLERK:

Please file the foregoing opinion.


                                /s/ Max Rosenn
                                Circuit Judge